UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Ernesto Castro** | : | No.   3:17CV1735  (VAB) |
| | : | |
| v. | : | |
| | : | |
| **Mark Blackwell** | : | |
| **Jesse Meade** | : | |
| **Freddy Neal** | : | |
| **J Cruz** | : | |
| **Damien Csech** | : | |
| **Paul Scillia** | : | |
| **Chris Robinson** | : | |
| | : | **January 2, 2018** |

## AMENDED COMPLAINT

**Count One**         **42 U.S.C. Section 1983**

1. This is an action for money damages to redress the deprivation by the defendant of rights secured to the plaintiff to be free from excessive force and the denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the Fourth Amendment to the United States Constitution, and the laws of the State of Connecticut.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4.  During all times mentioned in this action, the plaintiff, Ernesto Castro, was, and still is, an adult citizen of the United States, residing in Bridgeport, CT.

5.  Defendants Jesse Meade, Chris Robinson, Mark Blackwell, Freddy Neal, Damien Csech, and Paul Scillia, during all times mentioned in this action, were duly appointed officers with the Bridgeport Police Department, acting in their official capacity. They are being sued, however, only in their individual capacity.

6.  The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of Connecticut and the City of Bridgeport.

7.  On November 18, 2016, at about 9:18 PM, the defendants were dispatched to the plaintiff's residence at 87 Madison Avenue, Bridgeport, CT.

8.  The A & E television network, in cooperation with the City of Bridgeport Police Department recorded and broadcast a television show entitled 'Live PD."

9. Cameramen, field producers, and reporters from A & E followed Bridgeport Police officers live during their shift.

10. Portions of the events alleged in this complaint were taped and broadcast by A & E and may be viewed on the internet on youtube at https://www.youtube.com/watch?v=B42K8R1PZbU.

11. Defendants Meade and Neal allege that they were advised by a complaint, King Meekins, that the plaintiff had a pistol in his front waistband.

12. Bridgeport officers, including the defendants, approached the plaintiff in the residence of 87 Madison Avenue, with guns drawn, and allege that they viewed a pistol in his waistband.

13. The plaintiff denies that he had a pistol on his person or ignored the officers' commands.

14. The officers allege they ordered Castro to show his hands and get on the ground, and further allege that Castro ignored their commands.

15. The officers then violently grabbed the plaintiff and threw him to the ground.

16. The officers then began to collectively beat the plaintiff in the face, torso and back.

17. Defendants handcuffed the plaintiff and charged him with violations of two counts of Assault on an Officer C.G.S. Section 53a-167c, Disorderly Conduct, C.G.S. Section 53a-182, Interfering with an officer CGS 53a-167a., and Carrying a Dangerous Weapon, CGS 53a-206 (a).

18. As a result of the conduct of the defendants the plaintiff sustained facial contusions, loose front teeth, facial lacerations, bilateral subconjunctival hemorrhage, fractured nose, thoracic vertebral fracture, lumbar vertebral fracture, fracture of occipital bones, severe pain, and the loss of the full range of movement of his extremities.

19. The force utilized by the defendants was excessive.

20. The defendants knew or should have known that severe emotional distress was the likely result of such conduct.

21. As direct and proximate result of the actions of the defendants, Plaintiff suffered severe emotional distress including great humiliation, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep, and loss of time from personal pursuits.

22. Plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.

23. In the manner described above, the injuries to Plaintiff Ernesto Castro were the direct and proximate result of the intentional actions of the defendants.

24. The intentional acts of the defendants were reckless, wanton, willful and malicious and outside the scope of their official employment.

25. The intentional actions of the defendants were unjustified and unlawful.

26. As a result of the conduct of the defendants, the plaintiff sustained damages.

**Count Two:        Negligent Infliction of Emotional Distress**

1-26. Paragraphs one through twenty six of Count One are hereby incorporated as paragraphs one through twenty six of Count Two.

27. The defendant's conduct created an unreasonable risk of causing severe emotional distress.

28. In the manner described above, the injuries to plaintiff were the direct and proximate result of the negligent actions of the Defendants.

29. The actions of the defendants constituted the negligent infliction of emotional distress upon Plaintiff.

30. As a result of the physical assault by the defendants, the plaintiff sustained facial contusions, fracture of his orbital bone, subconjunctival hemorrhage, facial swelling, sprained shoulder and contusions over of his body.

31. As a result of the physical assault by the defendants the plaintiff was required to undergo surgical intervention to repair the damage inflicted to his face and had a titanium brace inserted under his right eye.

32. As a result of the defendants' actions the plaintiff experiences discomfort in hot and cold temperatures as a result of the placement of metal strip surgically implanted below his eye.

33. As a result of the physical assault by the defendants, the plaintiff sustained severe pain.

34. The defendants had a duty to perform the responsibilities of his position without the use of excessive force.

35. In light of the facts and circumstances the defendants employed unreasonable force.

36. The defendants' actions were unjustified and unlawful.

37. The defendants should have known that emotional distress was the likely result of such conduct.

38. As a consequence of the actions of the defendants, the plaintiff suffered great humiliation, embarrassment, anxiety, stress, emotional and mental

upset, loss of sleep, loss of time from personal pursuits, loss of employment, and had and continues to have difficulty concentrating.

39. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the intentional actions of the defendants.

.

**Count Three          Assault**

1-26. Paragraphs one through twenty six of Count One are hereby incorporated as paragraphs one through twenty six of Count three

27. The defendants intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act.

**Count Four          Battery**

1-26. Paragraphs one through twenty six of Count One are hereby incorporated as paragraphs one through twenty six of Count Four.

27. The defendants intended to cause harmful or offensive contact with the plaintiff and a harmful contact directly resulted.

Plaintiff, Ernesto Castro

By His Attorney

*/s/  Robert Berke*

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

## JURY DEMAND

The plaintiff requests a trial by jury.

                                Plaintiff, Ernesto Castro

                                By His Attorney

                                **/s/   Robert Berke**
                                _____
                                Robert M. Berke
                                640 Clinton Avenue
                                Bridgeport, CT 06606
                                203 332-6000
                                203 332-0661 fax
                                Bar No. 22117
                                robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

e) Such other relief as deemed fair and equitable.

By His Attorney

**/s/     Robert Berke**

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net