UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNESTO CASTRO, | : | CASE NO.: 3:17-CV-1735 (VAB) |
| Plaintiff | : | |
| vs. | : | |
| MARK BLACKWELL, et al., | : | |
| Defendants. | : | MAY 29, 2018 |

ANSWER
BY MARK BLACKWELL, JESSE MEADE, FREDDY NEAL,
J CRUZ, DAMIEN CSECH, PAUL SCILLIA, AND CHRIS ROBINSON
TO AMENDED COMPLAINT

COUNT ONE

42 U.S.C. Section 1983

1. The Defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

2. The Defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

3. The Defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

4. The Defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

5. Admit.

6. Admit.

7. Admit.

1

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. It is admitted that at least one of the officers had his sidearm drawn due to the perceived potential deadly threat. As to the remainder of the the allegations, the defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

13. The Defendants lack sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

14. Admit.

15. It is admitted that the plaintiff was eventually restrained and brought to the floor following his violent resistance to the officers' instructions.

16. Deny

17. Admit.

18. Deny.

19. Admit

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

## COUNT TWO

### Negligent Infliction of Emotional Distress

1-26.   The Defendants repeat the answers given to paragraphs 1 through 26 of the First Count.

27.  Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Admit.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

## COUNT THREE

### Assault

1-26. The Defendants repeat the answers given to paragraphs 1 through 26 of Count One.

27. Deny.

## COUNT FOUR

### Battery

1-26. The Defendants repeat the answers given to paragraphs 1 through 26 of Count One.

27. Deny.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The acts and conduct, if any, of the Defendants herein were objectively reasonable under the circumstances. Accordingly, the defendant officers are entitled to qualified immunity for liability.

### **SECOND AFFIRMATIVE DEFENSE**

The acts and conduct complained of herein by the Plaintiff occurred within the scope of the Defendants' duties as police officers and did not violate any clearly established constitutional or federal statutory right of which the Defendants reasonably should have been aware. Accordingly, the Defendants are entitled to qualified immunity

**THIRD AFFIRMATIVE DEFENSE**

1. The undersigned Defendants referred to in the complaint were at all times duly and regularly appointed member of the Bridgeport Police Department and their conduct in connection with this matter involved the performance of discretionary governmental functions while acting within the scope of their official duties as police officers.

2. The decisions and conduct of the undersigned Defendants involved the exercise of discretion on their respective parts.

3. Accordingly, the undersigned Defendants are entitled to qualified governmental immunity on the state law claims.

**FOURTH AFFIRMATIVE DEFENSE**

If the Plaintiff was injured as alleged in his Complaint, then said injuries, losses and damages, to the extent they establish the basis for a pendent state law claim, were proximately caused by the Plaintiff's own negligence, which negligence was greater than or equal to any that may be attributable to the undersigned Defendants (which negligence is expressly denied).

**FIFTH AFFIRMATIVE DEFENSE**

If the Plaintiff was injured as alleged in her Complaint, then said injuries, losses and damages, to the extent they establish the basis for a pendent state law claim, were proximately

caused by the Plaintiff's decedent's own wanton and reckless disregard for his own safety such that the Plaintiff is not entitled to recover for any damages alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of governmental immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

The actions and conduct of the Defendants to the extent they occurred as alleged, were undertaken in the good-faith performance of his official duties, without malice, and was therefore privileged under the applicable state law.

**EIGTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to state a claim upon which relief may be granted.

**JURY TRIAL DEMAND**

The Defendants demand a trial by jury on all claims.

RESPECTFULLY SUBMITTED
THE DEFENDANTS

/s/ Richard G. Kascak, Jr.
BY:_____
Richard G. Kascak, Jr.
Associate City Attorney
999 Broad Street
Bridgeport, Connecticut  06604
Telephone No: (203) 576-7647
Federal bar#07820
richard.kascak@bridgeportct.gov

## CERTIFICATE OF SERVICE

On May 29, 2018 a copy of the foregoing "Answer to Amended Complaint" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Robert M. Berke, Esq.
640 Clinton Avenue
Bridgeport, CT 06605

/s/ Richard G. Kascak, Jr.
Richard G. Kascak, Jr.